UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                          CASE NO: 2:15-cr-173-FtM-38CM

CARLOS EUGENIO PRICE
_____/

**ORDER[1]**

This matter comes before the Court on the United States of America's Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #15) filed on January 27, 2016. Defendant Carlos Eugenio Price filed a Response in Opposition (Doc. #16) on January 27, 2016. The matter is ripe for view.

**Background**

On December 9, 2015, a Grand Jury indicted Defendant on two counts – possession with intent to distribute 500 grams or more of cocaine and conspiracy to possess with intent to distribute 500 grams or more of cocaine. (Doc. #1). After Defendant was taken into custody, Magistrate Judge Carol Mirando held a detention hearing on January 25, 2016. (Doc. #12). Defendant was present at the hearing and represented by attorney Douglas Molloy. (Doc. #12). The United States ("the Government") was represented by Assistant United States Attorney Jeffrey Michelland. (Doc. #12). At the hearing, Judge Mirando granted Defendant's release on a $50,000

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

unsecured bond. (Doc. #13). The Government now seeks to revoke this bond. (Doc. #15).

## Discussion

The Government asks the Court to revoke Magistrate Judge Mirando's Order releasing Defendant on bond because Defendant is a danger to the community. (Doc. #15). Conversely, Defendant avers that Magistrate Judge Mirando's conditions were appropriate, and that the Government failed to present any new evidence with its Motion beyond that which was presented at the detention hearing. (Doc. #16).

When requested, the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. *United Sates v. King,* 849 F.2d 485 (11th Cir. 1988). This entails a *de novo* review of the magistrate judge's pre-trial release order. *United States v. Hurtado,* 779 F.2d 1467, 1481 (11th Cir.1985). In this review, the Court must independently consider all of the facts before it. *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987). If, after a careful review, the district court concludes that the magistrate judge's findings of facts were based on both the parties' papers and the evidence presented at the detention hearing, and the magistrate judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial [release] order." *United States v. King,* 849 F.2d 485, 490 (11th Cir.1988).

In this particular instance, the Court did not simply rely on the record before the Magistrate Judge, but instead conducted a *de novo* review of the matter by reviewing the entire docket, the papers filed by the parties, and a recording of the hearing held before Judge Mirando on January 25, 2016. See *United States v. Hernandez-Hernandez*, No.

2:15-CR-59-FTM-38DNF, 2015 WL 2449582, at *1 (M.D. Fla. May 22, 2015) (reversing magistrate judge's conditional order of release after conducting a *de novo* review).

The policy underlying the Bail Reform Act "is to permit release under the least restrictive condition compatible with assuring the future appearance of the defendant." *United States v. Price,* 773 F.2d 1526, 1527 (11th Cir.1985). Where the Government seeks to detain a defendant based on a contention that he is a danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.[2] *United States v. Medina,* 775 F.2d 1398, 1402 (11th Cir.1985). But when there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801-904, there is a presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

Once this presumption arises, the defendant bears the burden of producing evidence to rebut it. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). This is different from the burden of persuasion, which remains with the Government at all times. *Id.* The burden of producing evidence only requires that Defendant present evidence illustrating that he is not a danger to community should he be released on bail. *Id.* If the defendant successfully meets the burden and rebuts the presumption, then the burden of producing evidence shifts back to the Government to establish that the defendant is in fact a danger to the community. *King*, 849 F.2d at 488. Even if rebutted, "the presumption remains in the case as an evidentiary finding militating against release,

---

[2] The Government conceded at the detention hearing that it was not arguing Defendant was a flight risk. Nor did the Government present a risk-of-flight argument in its Motion. (Doc. #15).

to be weighed along with other evidence relative to the factors listed in § 3142(g)." *Quartermaine*, 913 F.2d at 916 (alterations and citations omitted).

Defendant faces two charges in this action: (1) possession with intent to distribute 500 grams or more of cocaine; and (2) conspiracy to possess with intent to distribute 500 grams or more of cocaine. (Doc. #1). Because these charges arose through a grand jury indictment, there is probable cause to believe Defendant committed these offenses, satisfying the first element of § 3142(e)(3)(A). Further, pursuant to the Government's proffer, the evidence is great against the Defendant. Moreover, under the Controlled Substances Act, each of these offenses carry a possible maximum term of imprisonment of 40 years, satisfying the second element of § 3142(e)(3)(A). With both elements satisfied, there is a presumption that Defendant is a danger to the community.

Faced with this presumption, Defendant had the burden of producing evidence to rebut it. In an attempt to meet this burden, Defendant presented two witnesses – his wife, Natasha Price, and his part-time employer, Pearl Denis Oliver. Ms. Oliver testified that Defendant had worked for her auto detailing business on a part time basis since 2012. Ms. Oliver also testified that Defendant showed up on time, was willing to work hard, was considered a good employee, and could still work for her if he was released on bond. Although these facts might be relevant to a risk of flight analysis, the Court finds them minimally relevant to a danger of the community analysis. Notably, when asked whether she could assure the Court that she could prevent Defendant from engaging in any further criminal activity while he was out on bond, Ms. Oliver conceded that she could not. In fact, the Defendant was working for her during the time the instant charges were committed.

The second witness, Ms. Price, failed to provide any testimony that would rebut the presumption either.  Ms. Price testified that she had been married to Defendant for 5 years; that she had three children with Defendant, ranging in age from 19 months to 4 years; that Defendant provides significant support around the house; that Defendant was a good, committed father; and that she was willing to be a third party custodian for Defendant should the Court grant his release on bond.  Yet, Ms. Price also admitted that she was married to Defendant at the time he is alleged to have committed the charged offenses.  And, similar to Ms. Oliver, Ms. Price was unable to confirm that she could prevent Defendant from committing further criminal acts, and stated only that she "did not believe" Defendant would commit further criminal acts if he was released.

Although Defendant presented two witnesses, neither witness provided any testimony showing how Defendant was not a danger to community, or how they could prevent Defendant from committing further criminal acts if he was released.  Among other convictions, the Court also notes that Defendant has at least one previous domestic violence conviction, an assault conviction, and at least two battery convictions, further illustrating that he is a danger to the community.  See *Quartermaine, 913 F.2d at 917* ("A willingness to strike loved ones offers probative evidence of a tendency to violence and dangerousness toward others.").  The Defendant's criminal history dates back to 1989.  It is also significant to note that he is not amenable to supervision as he has violated the terms and conditions of his probation on numerous occasions.

Having conducted a *de novo* review, the Court finds that Defendant failed to rebut the presumption that he is a danger to the community.  Therefore, the Court finds the Government has presented clear and convincing evidence that no condition or

combination of conditions can reasonable assure the safety of individuals and the community.

Accordingly, it is now

**ORDERED:**

1. The United States of America's Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Doc. #15) is **GRANTED**.

2. Magistrate Judge Mirando's Order (Doc. #13) releasing Defendant Carlos Eugenio Price is **REVOKED**.

3. Defendant Carlos Eugenio Price is to remain in the custody of the United States Marshals Service and is ordered detained pending further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this 8th day of February 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record